MACLIN *et al. v.* CONTINENTAL CASUALTY CO.

*(Nashville,* December Term, 1937.)

Opinion filed Jan. 15, 1938.

JOHN GALELLA, MARY GUIDI, and WILFRED A. HEARN, all of Memphis, for plaintiffs in error.

WINCHESTER & BEARMAN, of Memphis, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is an action by Viola Maclin on a policy of health and accident insurance issued by the Continental Casualty Company to John Maclin, her husband, wherein she was named beneficiary.

The insured was shot by an intentional act on June 12, 1935, and from the injury thus received died on the following day. This intentional shooting was not committed for the purpose of burglary, or robbery, or while the insured was engaged in the performance of any duty of his occupation.

The case was tried upon a stipulation of facts before the court, without a jury, and resulted in a judgment for defendant. Plaintiff has appealed to this court and assigned errors.

Section XI of the policy, in its parts here material, is as follows:

"This policy does not cover loss resulting . . . (a) . . . ; (b) . . . ; (c) . . . ; (d) . . . ; (e) nor does the policy cover loss resulting wholly or partly, directly or indirectly (1) . . . ; (2) . . . ; (3) if the injury causing the loss results from the intentional act of the Insured or of any other person, excepting however assaults committed upon the Insured for the sole purpose of burglary or robbery and also excepting assaults incurred by the Insured while engaged in the proper performance of the duties of his occupation and provoked solely thereby."

It is the contention of plaintiff that the words "if the injury causing the loss," in subdivision (3), do not include fatal injuries; hence, it is argued, the fact that the insured died as the result of injuries resulting from the intentional act of another person cannot preclude a recovery on the policy for his death.

It is evident, we think, that the "loss" excepted from

the coverage of the policy has application to both fatal and nonfatal injuries. The obligation assumed by the company was "to pay to the Insured, or the Insured's beneficiary, indemnity for loss of life, limb, limbs, sight or time resulting from injury, and loss of time from sickness *all in the manner and to the extent hereinafter provided.*" (Italics ours.) In section XI of the policy is set forth the exceptions to the coverage. The word "loss" used in the exceptions must be accorded the breadth of meaning as is specifically given it in the insuring clause of the contract.

"Injury" is defined in the policy to mean "bodily injury which is the sole cause of the loss and which is effected solely through accidental means while this policy is in force." Whether the injury causing the loss results in death, or in the loss of any of the members of the body enumerated in the policy, or loss of time, the loss caused by the injury is excluded by the policy if the injury be the result of any of the things set forth in the exceptions.

The policy contains no language which would warrant the segregation of the exceptions set forth in subdivision (3) of section XI from the general insuring clause of the policy and confining their application solely to nonfatal injuries. The loss in the instant case being the result of injuries caused by the intentional act of another, no recovery can be had therefor.

We have examined the principal cases relied on by the parties, but we have reached our own conclusion as to the proper construction of the contract with reference to the question presented for determination. We think the judgment of the trial judge is without error and must, therefore, be affirmed.

Appellant will pay the costs of the appeal.